## Case No. 6,143.

HARRISON et al. v. ROWAN et al.

[4 Wash. C. C. 202.] 1

Circuit Court, D. New Jersey. April Term, 1819.

EQUITY JURISDICTION—DEVISAVIT VEL NON—WANT OF PARTIES TO BILL—LUNATIC—AMENDMENT.

1. A court of equity has jurisdiction in a suit brought by the trustee against the cestui que trusts, to direct an issue devisavit vel non; and to decree possession of the land to the trustee to enable him to execute the trust.

[Cited in Baker v. Biddle, Case No. 764; Hayden v. Davis, Id. 6,259; Pierpont v. Fowle, Id. 11,152; Goodenow v. Milliken, Id. 5,535.]

2. General principles regulating equity jurisdiction.

3. It is no cause of demurrer for want of parties, that a lunatic is not made a party; but it is a good objection for want of parties. For although his committee, if he has one, is made defendant in another capacity, still the lunatic should be a party, and then he answers by his committee; if he has none, the court appoints a guardian to answer for him.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

4. Whenever an objection is made for want of parties, the court gives leave to amend, and make proper parties.

This was a suit on the equity side of the court. The bill stated that John Sinnickson, of the state of New Jersey, departed this life, leaving two children, the female defendant and one son, then and yet a lunatic, named Francis; having first duly made and published his last will and testament; whereby, amongst other things, he devised to the plaintiffs, Josiah Harrison and his successors, his real and personal estate in trust, out of the profits and interest, to raise an annuity of $1,400 for the sole and separate use of his daughter, the female defendant, exempt from the control of her husband, and certain annuities and legacies for the use of the other plaintiffs in the cause, constituting the said Harrison his trustee as aforesaid, and sole executor. That after the decease of the testator, the said Harrison offered the said will for probate in the orphans' court, which was rejected upon the ground that the testator had not a sound and disposing mind when he made his will; which decision was, upon appeal, affirmed by the prerogative court, and administration of the said estate was granted to the defendant Thomas Rowan; who possessed himself of all the real estate of the testator, and also of his personal estate to a large amount. That the said defendant had also taken out a statute of lunacy against Francis Sinnickson the son, and procured himself to be appointed his committee. The bill charges that John Sinnickson, at the time he made his will, was of sound and disposing mind and memory; that the will was written by and according to his directions, and was read over to, and fully approved and duly executed by him. The prayer of the bill is, that an issue may be directed to try whether the testator did or did not make the said will, and that possession of the real estate should be decreed to the plaintiff Josiah Harrison, to enable him to execute the trust contained in the will; and that the annuity devised to Mrs. Rowan might abate pro tanto, according to the amount of the personal estate of which the defendant Rowan had possessed himself, the same being charged with the payment thereof equally with the real estate. A plea to the jurisdiction was put in and overruled; upon the ground that though the defendants were residents of Pennsylvania, and were there served with the process, yet that it now appeared judicially to the court, that they had regularly entered their appearance by a solicitor of the court, and had submitted to sundry orders which had been made in the cause.

The cause was now argued upon a demurrer to the whole bill, and the following causes were assigned: (1) That the cause is not within the jurisdiction of a court of equity, the plaintiffs having a plain, adequate, and complete remedy at law. (2) Because the

bill seeks to abate the annuity devised to Mrs. Rowan. (3) Because Francis Sinnickson is not made a party to the cause. In support of the first cause of demurrer, it was insisted that under the sixteenth section of the act of congress of 24th September, 1799, as well as upon general principles, this bill cannot be supported, since there is a plain and complete remedy at law by ejectment, and·that the chancery never entertains a bill for the proof and establishment of a will of lands, but leaves the party to prove it in the trial of the ejectment. Where bills of this kind have been entertained, it has been merely to perpetuate the evidence. 1 Madd. Ch. Prac. 206, 207; Coop. Eq. Pl. 125; 2 Ab. 424; 3 Brown, Parl. Cas. 358; 1 Eq. Cas. Abr. 130; 1 Vern. 105; 2 Har. Ch. Prac. 93, 130; 2 Madd. 239; Mitf. Eq. Pl. 126. Surrender of the title papers which is asked for in the bill is no ground of jurisdiction. Coop. Eq. Pl. 125. (2) It was denied that this is a proper case for abating the annuity devised to Mrs. Rowan, because the decision of the courts of probate being conclusive as to the validity of the will to pass the personal estate, so much of the will as charges this annuity on that fund, is to be considered as forming no part of the will. (3) Francis Sinnickson, one of the heirs at law of the testator, is an essential party to this suit, and his lunacy affords no excuse for not making him a defendant. He is not a party, inasmuch as process is not prayed against him; and in truth as he is a citizen of this state, none can issue against him; which is fatal to the jurisdiction of the court. 2 Ves. Sr. 431; 1 Har. Ch. Prac. 506; 2 Dick. 460; 1 Johns. Ch. 546. It was answered by the plaintiffs' counsel, as to the first point, that the proving and establishing a will are one of the ordinary branches of the court of chancery, particularly in the case of a trust, where the trustee brings the bill to enable him to execute the trust. But all doubt is removed in a case where the cestui que trust is the plaintiff, and seeks to have the trustee placed in a situation to execute the trust. Pow. Dev. 714; 3 P. Wms. 192; 2 Atk. 25; 2 Dick. 589; 2 Atk. 56; 1 Madd. 359, 360; 1 Atk. 491; 1 Dick. 74; 3 Brown, Ch. 347; 2 Atk. 424; Eq. Draftsm. 86; 2 Com. Dig. 379; 3 Atk. 366; 1 P. Wms. 156, 226; 1 Madd. 437, 438; 2 Atk. 120, 424; 1 Ves. Sr. 177; 1 Atk. 628. As to the second point it was answered, that if the argument on the other side were well founded, it would furnish no cause of demurrer. Whether the plaintiffs are entitled to an abatement, can only be decided at the hearing. On the third point was cited 2 Madd. 225, 226. Besides, it was stated by the plaintiffs' counsel, and not denied, that since the filing of the bill, Francis Sinnickson has died intestate, and without issue.

Richard Stockton and Mr. Ewing, for plaintiffs.

Mr. Wall and J. R. Ingersoll, for defendants.

WASHINGTON, Circuit Justice. This is a bill on the equity side of this court, filed by a trustee and others claiming the benefit of the trust, under the will of John Sinnickson, deceased, against one of the heirs at law of the testator, and her husband; praying, amongst other things, an issue to be directed, to try whether the testator did, or did not, make the said will; and in case the verdict should be in favour of the will, then that the same may be carried into execution, and the trustee be decreed to be put into possession of the lands devised to him in trust to enable him to execute the trust; and that the defendant may be decreed to deliver to the trustee the deeds and muniments of title of said lands, which the bill charges to be in his possession. To this bill the defendant has demurred, and the principal question of importance arising out of the demurrer is, whether this court has an equitable jurisdiction of the cause. It is contended in support of the demurrer, that this is a case purely of a legal nature, for which a legal remedy is provided; and, therefore, that the jurisdiction belongs exclusively to the common law courts; that the substantial objects of the suit are to recover the possession of the lands mentioned in the will, which the bill charges to have been taken by the defendants, and to have the will established; both of which objects, it is insisted, may be completely attained by an ejectment at the suit of the trustee against the heir at law, or any other person holding the possession. There being, therefore, a plain and adequate remedy at law, the jurisdiction of the equity side of this court is taken away; not only upon general principles of law, but by the express provisions of the sixteenth section of the act of congress, commonly called the "Judiciary Law" [1 Stat. 82].

The whole of this argument proceeds upon the assumed ground that in every case, where a court of law is competent to afford a remedy, a court of equity cannot take cognizance of it, and grant relief; and great reliance seems to be placed upon the section of the act of congress referred to. But this is not the opinion of the court. The expressions used in that section, "plain, adequate and complete," if they affirmed the jurisdiction of the equity side of the court, might possibly admit of a construction to enlarge the jurisdiction beyond the ordinary sphere to which it has hitherto been extended; they certainly would not abridge it. But used as they are, they go no farther than to recognise and adopt the long and well established principles of the English court of chancery, upon the subject of the ordinary jurisdiction of a court of equity. Any other construction would unsettle those great land marks which have hitherto separated the two jurisdictions of the common law and equity courts; and would introduce all that uncertainty which is usually attendant upon every new system. Proceeding then upon the ground of the estab-

lished jurisdiction of the court of chancery, we know that there are a number of cases in which a concurrent jurisdiction is exercised by the two courts; and in many of them, the ground of the equity jurisdiction is not that the common law courts are incompetent to afford a remedy, but that such a remedy is less complete than the court of equity, from the nature of its organization, is capable of affording. Cases, for example, of fraud, account, dower, and partition are clearly cognizable in the common law courts; and yet the court of chancery has always exercised a concurrent jurisdiction over them, upon the ground above mentioned. Courts of law have, in modern times, and with great propriety, dispensed with profert of a lost bond; and yet, the original jurisdiction of the court of equity to grant relief by establishing the instrument, remains unimpaired. We hold it, therefore, to be perfectly clear, that where a case is otherwise proper for the jurisdiction of a court of equity, it is no objection to its exercise that the party may have a remedy at law. On the other hand, we do not mean to lay it down that the mere circumstance that a more complete remedy can be afforded in the former, than in the latter court, is of itself a ground of jurisdiction. The inquiry must always be, whether the case is within any of the general branches of equity jurisdiction, as claimed and exercised by that court. The court has deemed it proper to make these general observations upon the equity jurisdiction of this court; not because the case under consideration rendered them necessary, but to correct what we consider to be an erroneous construction of the act of congress, referred to on this subject.

We now proceed to the more particular examination of the objection as applied to the present case. That the trustee might maintain an ejectment against the defendants, to recover the possession of the lands now in controversy, on the trial of which suit, the validity of the disputed will might, and necessarily would be decided, cannot be denied; nor does the court think it necessary to decide whether this suit were brought by the trustee alone, he would, or would not be entitled to the relief prayed for. The real plaintiffs in this cause are those who claim a beneficial equitable interest in the land devised by the will, and it will not, nor has it been denied, that the court of chancery has a clear original jurisdiction in such a case: not only so; but that jurisdiction is exclusive, the cestui que trust having no remedy at common law, either against the trustee, or against any other person holding adversely the fund, charged with the trust. It is true, as has been observed, that the trustee has a remedy at law to recover the possession, and thus to enable him to execute the trust. But are the cestui que trusts obliged to wait until this course has been pursued? They are at all times competent to assert their equitable demands, however well or ill inclined the trustee may be to perform his duty. It was not indeed denied by the defendants' counsel, but that this bill might have been maintained by those persons, if the trustee had been a defendant in the cause; but it seemed to be supposed, that this acknowledged equity is tainted by the co-operation of the trustee. If indeed there was any weight in this argument, the court would dismiss the bill as to the trustee; but surely it could afford no good reason for dismissing it as to the other plaintiffs, who can obtain relief no where but in equity. But there is in reality nothing in the objection. The jurisdiction of the court of chancery, upon the application of a cestui que trust, to enable the trustee to execute the trust, and to compel him to do so, stands upon the same ground. In both cases, the trustee must be a party to the suit, either as plaintiff or defendant, in order that he may be bound by the decree, and that the cestui que trust may thereby have the full benefit of it. Upon general principles, therefore, we hold the jurisdiction of the equity side of the court to be indisputable, and if so, the ground of the demurrer is removed. The bill charges that John Sinnickson made a valid will, under which the plaintiff, Josiah Harrison, claims a right to the possession of the lands devised to him for the use of those entitled to the beneficial interest in them. The demurrer having admitted the truth of these allegations, it is difficult to conceive upon what ground the court can dismiss the bill. The relief prayed for is to decree the defendant to deliver to the trustee the possession of the lands devised to Harrison by the will. If the validity of the will to pass real estate be admitted by the heir at law, such a decree follows of course; because, having jurisdiction of the cause, the court possesses every incidental power necessary to the due exercise of that jurisdiction. If the validity of the will be denied, the course of the court is to direct an issue to be formed to try that question at law by a jury, and upon the verdict which may be found, to grant, or to refuse, the relief.

There are two minor points raised by the demurrer, which remain to be disposed of. The first is, that the bill prays an abatement of the annuity devised to the defendant, Mrs. Rowan, on a ground which the counsel for the defendants deny to be correct, and this is assigned as one of the causes of demurrer to the bill. The short, but conclusive, answer to this objection is, that, whether the annuity ought to abate or not, is a question not fit to be decided at this stage of the cause; and even if it were clear that the prayer is an improper one, that would not afford a ground for a demurrer to the whole bill. The other point is, that Francis Sinnickson, the son of the testator, is not made a party to the bill, and this is assigned as another cause of demurrer. The bill states that this son was, during the life of the testator, a lunatic, totally incapable of managing his affairs, and so

continued to the time of bringing this suit. That a statute of lunacy had been taken out against him, and the defendant, Thomas Rowan, appointed his committee; but no process is prayed against the lunatic. It is contended by the plaintiffs' counsel, that this was not necessary, inasmuch as the only person who is competent to defend him, is made a party defendant in the cause. The court is of a different opinion. A lunatic, as well as an infant, though both are incompetent, and may be equally so to act for themselves, must, in cases where their interests are sought to be affected by the decree, be made parties to the suit; and, if as defendants, this can only be done by praying process against them. In the latter case, the court appoints a special guardian to defend him in that suit, and he answers the bill by the guardian so appointed. A lunatic, against whom process is issued, answers by his committee, under an order of the court appointing him for that purpose. If he has no committee, the court appoints some person as guardian to defend the suit, and to answer for the lunatic. The court is of opinion that Francis Sinnickson is an essential party to this cause, being a co-heir with his sister, of the testator; that his interest can not fail to be affected by any decree the court can make. This objection therefore is well taken. But the court can-not yield to the argument which was pressed upon us by the defendants' counsel, that, as Francis Sinnickson is stated to have been a citizen of New Jersey, the court has not ju-risdiction of the cause, and that the bill ought to be dismissed; although it is admitted that he has died since the institution of the suit. For although the court would not make a decree in the cause unless all proper parties were before it, yet the objection for want of parties is not to the jurisdiction of the court, for that has been decided to be com-plete between the present parties, but to the relief sought against the present defendants, without joining the other heir. Where this objection is made and sustained, the court will order all proper parties to be made; but if by the death of those parties, such an or-der becomes nugatory, the omission to make them parties, or the want of jurisdiction in the court to make them such, cannot war-rant an absolute dismission of the bill as to the defendant properly before the court; if, when the order is asked for, the difficulty is removed by the death of those who ought originally to have been made parties. Al-though, therefore, the demurrer for want of parties must be sustained, the death of Fran-cis Sinnickson not appearing on the plead-ings; yet the plaintiff will be at liberty to amend his bill by suggesting his death.

This was accordingly moved for and granted.

[In Case No. 6,140 a plea that defendants were not properly served with process was sup-ported, and the plaintiff given leave to amend. In Case No. 6,141 an issue devisavit vel non

was tried, and a verdict rendered for the plain-tiff. In Case No. 6,142 a new trial was award-ed.]