## Case No. 16,831.

### VAN BOKKELEN et al. v. COOK et al.

[5 Sawy. 587; 9 Reporter. 502.] [1]

Circuit Court, D. Nevada. Sept. 4, 1879.

EQUITY JURISDICTION—ADMINISTRATION—FOREIGN ASSETS—ASSIGNMENT—CITIZENSHIP—PARTIES—STATUTE OF LIMITATIONS.

1. A bill may be filed on the equity side of the circuit court against an administrator to

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 9 Reporter, 502, contains only a partial report.]

recover assets which he has fraudulently withheld, and a final settlement of such administrator's accounts by a probate court will be no bar to the suit.

[Cited in Klemp v. Winter, 23 Kan. 495.]

2. If assets in a foreign jurisdiction come into the possession of an administrator by a voluntary delivery to him, he may be required to account for them in the home jurisdiction.

[Cited in Re Ortiz's Estate, 86 Cal. 315, 24 Pac. 1035.]

3. Since the act of March 3, 1875 [18 Stat. 470], an assignee of a chose in action, not founded on contract, may sue without showing that the citizenship of his assignor was such as would have given the circuit court jurisdiction had such assignor sued.

4. Persons against whom no relief is prayed, and whose interests can not be injuriously affected by the suit, need not be joined as parties.

[Cited in Lytle Creek Water Co. v. Perdew (Cal.) 4 Pac. 432.]

5. In cases of fraud the cause of action does not accrue until the discovery of the fraud, and where the allegations of the bill do not show the time of discovery, a demurrer will not lie upon the ground that the fraud is shown to have been committed more than the statute period before the bringing of the suit. It is not necessary to state in the bill the facts which take the case out of the statute.

6. As to the constitutionality and proper construction of that portion of the act of March 3, 1875, which confers original jurisdiction upon the circuit courts of all suits "in which there shall be a controversy between citizens of different states."

7. In a suit by one or more heirs to recover assets, another heir and distributee is a proper party, but is not indispensable whenever the court can proceed and do justice to the parties before it without injury to the absent person.

[Cited in the Debris Case, 16 Fed. 35.]

[This was a bill in equity by Deborah Van Bokkelen and others against Daniel Cook and C. Derby.] On demurrer to the bill.

McAllisters & Bergin and H. K. Mitchell, for complainants.

S. M. Wilson and W. S. Wood, for defendants.

Before FIELD, Circuit Justice, SAWYER, Circuit Judge, and HILLYER, District Judge.

HILLYER, District Judge. This is a suit on the equity side of this court, in which the complainants, heirs of one Jacob L. Van Bokkelen, seek to compel the defendants to account for certain mining stock alleged to have been fraudulently disposed of by them. Both defendants are sued in their personal capacity, but the bill charges the fraudulent acts to have been done while the defendant Daniel Cook was administrator of the estate of said Jacob L. Van Bokkelen, the defendant Derby acting in concert and collusion with him.

The defendants demur to the bill on several grounds, which will be briefly considered.

1. Jurisdiction of the subject-matter of the suit is denied to this court. It is alleged in the bill that the defendant Cook was administrator of the estate of said Jacob L. Van Bokkelen; that, as such, he filed his final account in the district court of Storey county, Nevada, a court having probate powers; that his account was settled and he finally discharged before this suit was begun.

The question thus raised is, whether this court has jurisdiction to call an administrator to account who has, in the course of his trust, defrauded the estate, notwithstanding the probate court which appointed him may have passed a decree finally settling his accounts and discharging him. That the court has this jurisdiction we think can be satisfactorily shown. The frauds charged in this bill are not shown to have been investigated or passed upon by the probate court, but to have been concealed from that court; and it would indeed be against conscience, and a subversion of justice, if an administrator, while confessing a fraudulent management of the assets of the estate under his care, could successfully plead in bar of a suit like this, by the defrauded heirs, the final settlement of his account by the probate court.

If we allow to that settlement the same conclusiveness ordinary judgments have, yet it would, as between the administrator and the heirs, be voidable like other judgments for fraud. This is no direct proceeding to vacate the decree of final settlement, but a suit brought for the purpose of charging the defendants personally for a fraudulent appropriation to their own use of a portion of the estate of the deceased, Van Bokkelen.

We have been referred to many cases sustaining, but none denying, to a court of equity jurisdiction of such a case.

If an executor be called to account for misconduct, he cannot improve his situation by a fraudulent settlement with the probate court, showing a full administration of the estate, when in reality a large portion of it, not received by the distributees, remained in his hands. Speed's Ex'rs v. Nelson's Ex'rs, 8 B. Mon. 499. So one distributee may exhibit a bill in the circuit court to obtain her share of an estate, charging the administrator with gross misconduct, with making false settlements with the probate court, with keeping back a true inventory of the property in his hands, and with using the money of the estate for his private gain, such bill having for its object relief against these fraudulent proceedings, and the compelling a true account of administration. Payne v. Hook, 7 Wall. [74 U. S.] 425.

It appeared from the bill in that case that the administrator had not yet made his final settlement, and that the administration was still in progress, but the court held that the bill stated a case for equitable relief, "according to the received principles of equity," and that the complainant was not bound to resort to the probate court to correct the errors and frauds in the accounts of the administrator.

The present bill charges the defendant, Cook, with making a fraudulent inventory,

causing a fraudulent assessment, sale and purchase of the stock, in collusion with Derby, rendering a false account of the stock to the court; and with managing and controlling the stock as his and Derby's own, thereby making large profits; and seeks to compel the administrator and his confederate to account for the stock, and the profits made by its management. This bill, like that in Payne v. Hook, we think states a case for equitable relief, "according to received principles of equity." Courts of equity have from early times exercised a concurrent jurisdiction with courts of law, in matters of the administration of assets. A reading of the statements in the bill, will make it apparent that the frauds in this case cannot be adequately redressed at law. There must be an account taken of the stock and of the profits made by the various operations stated in the bill, and this can only be efficiently done in equity. The fraud is itself a ground of equity jurisdiction. There is in addition, the jurisdiction which exists in courts of equity to enforce constructive trusts, and to all these "mixed considerations" the jurisdiction is properly referable. Story, Eq. Jur. § 534.

2. It is claimed that, because the corporation was a California corporation, the stock had its actual situs in that state, was never assets in the hands of the administrator in Nevada, and that he could not, therefore, have committed any devastavit or fraud upon it.

The shares of mining stock being personal property, they are regarded in law as having no situs, or a movable one which is always the domicile of the owner. The deceased, Jacob L. Van Bokkelen, being domiciled, at the time of his death, in Nevada, the title of his administrator to all his personal property is perfect, whether found in California or elsewhere; and, while the administrator could not have sued in California and recovered possession of this property without there taking out auxiliary letters of administration, if it came into his possession by a voluntary delivery, it came lawfully, and he may be required to account for it as assets in this jurisdiction. Wilkins v. Ellett, 9 Wall. [76 U. S.] 740. In accordance with this view it is held to be the duty of an administrator to place on his inventory all the property of his intestate, and he should include goods situated in another state. Estate of Butler, 38 N. Y. 389.

The title of the administrator to the whole, wherever situated, is good, and although his letters do not confer upon him any authority to sue in another jurisdiction, if he make an assignment his assignee may sue there without taking out letters. Harper v. Butler, 2 Pet. [27 U. S.] 239. The foundation of the rule that an administrator cannot sue in a foreign jurisdiction is a regard for the creditors and distributees residing there. The disability is confined to the person, and does not extend to the subject-matter. Peterson v. Bank, 32 N. Y. 46. In this case it does not appear that there are any creditors or distributees in California, from whence the assets in question come, and there appears to be no shadow of ground upon which the administrator Cook can stand to deny his liability to account here for the property received by him in California.

3. The bill shows an assignment by two of the heirs to one of the complainants, but does not show the citizenship of the assignors, and the objection is made that the bill must show that the citizenship of the assignors was such as would have given the court jurisdiction, had they sued. Section 629 of the Revised Statutes is cited in support of this objection. Since the adoption of that section, however, the act of March 3, 1875 (18 Stat. 470), has been passed, which materially changes the former law in respect to the matters upon which this objection is based.

Section one of that act contains the following clause: "Nor shall any circuit or district court have cognizance of any suit founded on contract in favor of an assignee, unless the suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law-merchant and bills of exchange." By the former law, section 629, all choses in action, whether founded on contract or tort, except foreign bills of exchange, were embraced. Now, as the extract just given shows, an assignee can prosecute an action founded on a tort without regard to the citizenship of the assignor. This suit is not founded on contract, and consequently the jurisdiction depends upon the citizenship of the party on the record, whether he be assignee or original owner of the claim on which suit is founded.

4. It appears, from the face of the bill, that a portion of the stock which is alleged to have been the property of Jacob L. Van Bokkelen, and to have been fraudulently assessed and sold, stood on the books of the company in the names of W. H. Watson, A. J. Grant and Sol. Simpson, and that the defendant Cook well knew that this stock was the property of said J. L. Van Bokkelen. The defendants claim that this shows that Watson, Grant and Simpson are necessary parties to this suit, because the legal title to the stock was in them, and a conversion of that very stock is alleged. It is not seen how this shows these persons to be necessary parties. No transfer of the stock is sought, nor can any interest they may have in it be affected by the decree in this suit. The contest in respect to the right to the stock is between the complainants and the defendants, Cook and Derby. According to the face of the bill, Watson, Grant and Simpson have no real interest to be affected by the decree. No decree is asked and none can be made against either of them. Their presence, then, is wholly unnecessary.

· 5. It is claimed that, as appears from the bill, the act of inducing the assessment and sale of the stock and the purchase and issuing of new certificates all occurred in California five years before the filing of the bill, and therefore any cause of action which might have existed is barred by the statute of limitations. The statute of Nevada bars an action for relief on the ground of fraud in three years from the discovery of the fraud. Upon an obligation or liability incurred out of the state, the bar is two years, nothing being said about discovery in case of fraud. It is unnecessary to determine at this time whether this cause of action arose in California, or whether it is such an obligation or liability as the law contemplates. The bill does not show on its face at what time the fraud was discovered. It is alleged that the decree of final discharge was made March 6, 1876, and that the complainants had no knowledge of the frauds until "long after the decree of final discharge."

The bill was filed February 4, 1879. It is not necessary to state in a bill the facts which take the case out of the statute. Mandeville v. Wilson, 5 Cranch [9 U. S.] 15. Independent of the statute of Nevada, the cause of action in this suit on the general principles of equity jurisprudence, did not "accrue" until the discovery of the fraud. Bailey v. Glover, 21 Wall. [88 U. S.] 342. It can not, therefore, be said that the bill shows on its face that the suit is barred, whether we apply the three or the two years' limitation.

6. The only remaining question relates to the joinder of Mary E. Von Kleuze, and the failure to join Minnie Van Bokkelen as a party. The allegation of the bill as to the citizenship of Mary E. Von Kleuze, is that she is a citizen of the United States, at present residing in the kingdom of Bavaria. Minnie Van Bokkelen is an heir, and entitled to share in the distribution of the estate. The bill should have mentioned the state in which Mary Von Kleuze last resided. Her citizenship of that state continues, notwithstanding her present residence in Bavaria. But if we assume that she is a citizen of the same state as that of some of the defendants, which is the most favorable position for the defendants, the objection to her joinder then involves a decision upon the constitutionality and proper construction of that portion of the act of congress of March 3, 1875, which confers original jurisdiction upon the circuit courts of all suits "in which there shall be a controversy between citizens of different states."

Upon a suggestion of the presiding justice, that a case involving the precise question is now before the supreme court of the United States, set down for argument at the ensuing October term, this point was not discussed upon the argument before us. The question being a jurisdictional one, can be raised at any time hereafter, should the supreme court decide against the jurisdiction. We therefore overrule the demurrer on this point, with-

out expressing any opinion upon it at this time. In regard to the non-joinder of Minnie Van Bokkelen, there is this to be said. She appears from the bill to be an heir and distributee. She is therefore a proper party, but upon the authority of Payne v. Hook, 7 Wall. [74 U. S.] 425, she is not an indispensable party. If, as was said in that case, the court is able to proceed to a decree, and do justice to the parties before it without injury to absent persons, it will do so. The real object of the present suit is the collection of assets of the estate of the deceased Van Bokkelen, alleged to have been wrongfully appropriated by the defendants to their use. The suit can proceed for this purpose, without any injury to the rights of absent heirs. If assets are recovered, all entitled to share in them may be allowed to come in for that purpose, or their rights can be fully protected by the decree." This disposes of all the objections.

The demurrer is overruled, with costs, and the defendants are required to answer the bill on or before the next rule day.