ANDREW J. SPRAGUE & others *vs.* JOHN C. WEST, administrator, & others.

Berkshire. Sept. 9. — Oct. 24, 1879. ENDICOTT & LORD, JJ., absent.

An administrator, who has duly obtained from the Probate Court a license to sell the real estate of his testatrix for the payment of legacies, cannot be restrained from selling under the license by a bill in equity by the legatees, alleging that the true construction of the will is doubtful, that the husband of the testatrix claims a life estate in the land, that the plaintiffs are advised that he has not such estate, and that, by reason of his claim, the land will not sell for its real value, and may not produce enough to pay the legacies.

Legatees under a will cannot maintain a bill in equity in the nature of a bill of interpleader against the administrator with the will annexed of the testatrix, who has obtained a license from the Probate Court to sell her real estate for the payment of legacies, and against the husband of the testatrix, who claims a life estate in the land, to determine the rights of the legatees and of the husband.

BILL IN EQUITY, in the nature of a bill of interpleader, by Andrew J. Sprague, Elizabeth A. Sprague his wife, and their minor child, legatees under the will of Elizabeth R. French, against the administrator with the will annexed of said Elizabeth R., Timothy H. French her husband, and the other legatees under the will, except Hattie Augusta French, the adopted child of the testatrix. The administrator and the husband demurred to the bill for want of equity; the demurrer was sustained; and the plaintiffs appealed to the full court. The material allegations of the bill appear in the opinion.

*J. M. Barker,* for the defendants, was stopped by the court.

*E. M. Wood,* for the plaintiffs, cited *Dimmock* v. *Bixby,* 20 Pick. 368; *Pool* v. *Lloyd,* 5 Met. 525; *Bassett* v. *Brown,* 100 Mass. 355; 1 Redf. Wills, (2d ed.) 492, 493.

SOULE, J. Elizabeth R. French, by her will, after giving certain money legacies, gave the residue of her estate to the plaintiff Andrew J. Sprague, and to Hattie Augusta French, the adopted child of herself and husband. No child was born to the testatrix. Her personal estate was insufficient to pay the legacies, and the administrator with the will annexed obtained from the Probate Court, on due proceedings for the purpose, a license to sell all the real estate of the testatrix for payment of legacies, and advertised said estate for sale.

The plaintiffs bring this bill, alleging that the husband of the testatrix claims a life estate in the land, under the statutes of the Commonwealth, and alleging that they are advised that he has not such estate, and that by reason of his claim the land will not sell for its real value, and may not produce enough to pay the legacies; and asking that the administrator be enjoined against proceeding with the sale at the time to which it is adjourned ; and that the legatees and the husband of the testatrix be required to interplead, and that their rights may be determined in this suit. The bill alleges that the construction of the will is doubtful, that the administrator ought to have brought a bill in the nature of a bill of interpleader, but, though requested, has refused so to do.

We are of opinion that the demurrers are well taken. The allegations as to the uncertainty about the true construction of the will, and the conflicting claims as to whether the husband is entitled to a life estate in the land or any part of it, or not, were matters proper to be presented to the Probate Court for its consideration, on the petition for leave to sell, in order that the license might not be granted till the parties should have an opportunity to settle the question of the husband's rights by proceedings appropriate for the purpose. Any party aggrieved by the granting of the license to sell might have appealed to this court as the Supreme Court of Probate, and might have presented these reasons for refusing the license for consideration at the hearing of the appeal. The plaintiffs did not see fit to take that course. Under these circumstances, this court sitting as a court of equity cannot interfere by injunction to prevent the administrator from proceeding, in a regular and proper manner, to avail himself of the license granted by the

proper tribunal for the purpose of enabling him to perform his duty.

Whatever interest the husband has in the land is a legal estate. Whatever interest the residuary legatees have in the land is a legal estate. The administrator has no title to the land, and no right to meddle with it, except by virtue of his license to sell for the payment of legacies. There are but two parties claiming any title to the land; the residuary legatees on the one hand, claiming under the will, and the husband, on the other hand, claiming notwithstanding the will. The rights of these parties cannot be settled in a bill in equity in the nature of a bill of interpleader. The cases cited by the plaintiffs do not sustain their position. It is well settled that a trustee under a will may bring his bill in the nature of a bill of interpleader, and obtain instruction from the court as to his duty, when different parties are making adverse claims in relation to the trust property, and he is in doubt as to their rights. Or he may refuse to act in favor of either, and leave them to bring their bill against him for failing to execute his trust; but it is nowhere held that a party in interest under a trust can maintain a bill, in the nature of a bill of interpleader, against the trustee and an adverse claimant under the trust. And, if he could, that case would not be the case at bar, because there is no claim here that the administrator is not proceeding in the regular and ordinary way in the performance of his duty. The claim is merely that, because of an uncertainty as to the rights of the husband in the real estate of the testatrix, there is danger that her land will not bring a fair price at auction, and that the plaintiffs, who have neglected the opportunity which the statutes gave them to bring the question of licensing the administrator to sell before this court by appeal, have the right to protection in equity against the consequences of their own neglect.          *Bill dismissed.*