WILLIAM N. WALKER, administrator, *vs.* ALMIRA J. FULLER.

Worcester.    October 2, 1888. — October 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Probate Appeal — License to sell Real Estate — Determination of Title.*

On an appeal, by one only of persons interested in real estate, from a decree of the Probate Court granting a license to sell it, the question of title, except so far as any doubt regarding it may affect the expediency of the sale, is not properly before the court, and, if there is no waiver of the objection, cannot be determined.

APPEAL by Almira J. Fuller, one of the children of Almira B. Brooks, from a decree of the Probate Court licensing the administrator of the latter's estate to sell the whole of her real estate, because a partial sale would greatly injure the residue.

The appellant filed the following reasons of appeal: " First. The real estate which the petitioner seeks to sell was not at the time of the death of said Almira B. Brooks the property of said Brooks, and the administrator of her said estate had no right or interest in the same.    Second.  Because the said property and real estate which the administrator seeks to sell is now the property of the appellant.    Third.  Because the decree is not in accordance with the law and decisions of this Commonwealth."

At the hearing, before *Devens*, J., the following facts appeared.    Oliver Greenwood died in 1849, leaving a widow, Phebe Greenwood.  His will, which was duly proved and allowed, contained the following clauses :

" I give to my daughter, Almira B. Brooks, the small house near my dwelling-house, with the land under and around the same, to the amount of one acre, to be laid out for the best accommodation of the house with the least injury to the remainder of the farm, to have and to hold the same to her and to her heirs forever.

" I give to my beloved wife, Phebe Greenwood, the use and improvement of all the residue and remainder of my estate, whether real, personal, or mixed, during her natural life, and, if the income shall be insufficient for her comfortable support, the deficiency shall be made up from the sale of the property,

or such part thereof as may be necessary for that purpose, and I hereby authorize my executor hereinafter named to sell and convey at public or private sale the whole or any part of my real estate with the consent of my said wife. And in case my real estate shall be sold as above, I order the proceeds of the sale to be placed in the hands of a trustee or trustees, to be appointed by the judge of probate, the proceeds aforesaid to be applied first for the comfortable support of the said Phebe Greenwood during her life, and after her decease the remainder, if any, to be applied to the support and maintenance of my daughter, Almira B. Brooks, and her children, and at the decease of said Almira the remainder, if any, to be divided equally among her children, said trustee to use a wise discretion in the expenditure, always behaving reasonably in the premises."

None of the real estate thus devised was ever sold during the lifetime of either Phebe Greenwood or Almira B. Brooks. After the death of Phebe, all the real estate of Oliver Greenwood remained in the possession and enjoyment of Almira B. Brooks, who was the only child of Oliver and also of Phebe Greenwood, until her decease in 1886. The license to sell covered the real estate devised by the will of Oliver Greenwood. The validity of the decree was not questioned, so far as it related to the property to be devised by the first clause of the will, but only to that devised by the second clause. The appellant contended that under said will the real estate described in the petition of the administrator passed to the children of Almira B. Brooks immediately upon her death; that therefore the administrator had no right or interest in said real estate, and that it could not be sold to pay the debts of the estate of said Almira B. Brooks. The appellee contended that said real estate passed to Almira B. Brooks in fee, as the heir at law of Oliver Greenwood, at the decease of Phebe Greenwood.

The judge was of opinion that the question of the title to the real estate was not properly before the court, but, if it was, that the title thereof vested absolutely in Almira B. Brooks upon the death of Phebe Greenwood, and that the decree of the Probate Court should be affirmed, and the case remanded for further proceedings; and reported the case for the consideration of the full court.

*J. R. Thayer & A. P. Rugg*, for the appellant.

*C. L. Simmons*, for the appellee.

C. ALLEN, J.   The administrator contends, in the first place, that the question of the title to the real estate intended to be conveyed is not properly before the court, on a petition for a license to sell for payment of debts and charges of administration; and we think it true that no final determination of the title can be made in this proceeding.   This results from an examination of the various statutes upon the subject.   If a sale is made, all that the administrator can convey is "the estate, right, title, and interest which the deceased had in the granted premises at the time of his death, or which was then chargeable with the payment of his debts."   Pub. Sts. c. 134, § 11.   The notice of the petitioner for a license is only to be given to persons interested in the estate; Pub. Sts. c. 134, § 9; and no notice need be given to persons who claim under a title derived independently of the deceased.   *Yeomans* v. *Brown*, 8 Met. 51, 57.

It is recognized by the Pub. Sts. c. 142, § 19, that the validity of such a sale may be drawn in question by a person claiming adversely to the title of the deceased, or claiming under a title that is not derived from or through the deceased, and it is provided that the sale shall not be held to be void on account of any irregularity in the proceedings, if it appears that the executor or administrator was duly licensed, and that he accordingly executed and acknowledged in legal form a deed for the conveyance of the premises.   All objections in other respects are open. It is, moreover, provided in the Pub. Sts. c. 134, § 15, that when an executor or administrator is licensed to sell lands fraudulently conveyed by the deceased, or fraudulently held by another person for him, or lands to which he had a right of entry or of action, or of which he had a right to a conveyance, he may first obtain possession of such lands by entry or by action; and this course is often, if not usually, pursued, where the title is in doubt.   *Norton* v. *Norton*, 5 Cush. 524.   *Tenney* v. *Poor*, 14 Gray, 500.   *Hannum* v. *Day*, 105 Mass. 33.

It thus appears, that not only is an executor or administrator unable to affect the title of one claiming independently of the deceased, but a method is provided for him to clear up the title,

in cases of doubt, before making the sale. If this method is not adequate to meet all cases, it is of course competent for the Legislature to extend the provisions of the Pub. Sts. c. 176, to executors and administrators who are licensed to sell real estate, so as to allow them to bring a petition for the settlement of the title in like manner with ordinary persons in possession of real property. But it is obvious that the statutes do not contemplate a decision by the Probate Court upon a petition for leave to sell, which shall pass upon the validity of the title of the deceased. It is true that the condition of the estate should be considered in determining whether to grant a license; but this is only as it may affect the expediency of granting a license to sell lands, the title to which is doubtful. *Sprague* v. *West*, 127 Mass. 471.

In the present case, the report finds that the judge of the Probate Court granted the license to sell, in order to sell the real estate of the deceased, respecting which the controversy now exists. It is possible that he was not aware of the question now presented, or he may have expected that the administrator would take steps to have the title settled before proceeding to make a sale. However that may be, we are of the opinion, for the reasons stated, that the question of the title is not now properly before the court.

The administrator, without waiving his position that the question of title is not properly before the court, asks us, nevertheless, to pass upon the question of title. But not all of the parties interested in this question are before the court. The appellant is but one of the children of the deceased, and it appears by implication that there is more than one child. These children claim directly under the will of Oliver Greenwood, and independently of the deceased. The administrator has not brought them all before the court, and has no means of doing so.

The case of *Larned* v. *Bridge*, 17 Pick. 339, has been cited as one which sanctions the determination of the title to real estate upon such a petition. But that case was quite different in its facts, and no such question was involved in it. The testator there gave to his wife an estate for life in his real and personal property, with a superadded power to sell in case the income should prove insufficient for her comfortable support. It was held that this was a power of sale which could only be executed

by her personally, and that the will gave no authority for such sale by an executor or administrator, with the will annexed, to raise money for the payment of debts incurred by her for such support in her lifetime; and that the Probate Court had no authority to grant a license for such sale. No application was made for a license to sell land for the payment of debts of the testator; but it was contended that the administrator, with the will annexed, might sell land under the power conferred by the will, after the death of the testator's widow. The court held otherwise.

In the present case, the judge of probate was authorized to grant a license for the sale of the real estate. In support of the appeal from his decree granting such license, no argument has been addressed to us that such sale would be injudicious, as likely to yield an inadequate price, by reason of doubt as to the validity of the title; as it was suggested in *Sprague* v. *West*, 127 Mass. 471, might be done. As the case now stands, we see no reason for reversing the decree; leaving it for the administrator to determine whether it is inexpedient to proceed with the sale in the present condition of the title; or whether, after all, the title may be considered as free from real doubt.

*Decree of Probate Court affirmed.*