## JORDAN v. TAYLOR et al.

(Circuit Court, D. Massachusetts. December 29, 1899.)

### No. 1,109.

1. FEDERAL COURTS—JURISDICTION IN EQUITY—PROPERTY IN POSSESSION OF STATE COURT.

During the time the estate of a testator is in process of administration in a state probate court, and before the executors have rendered any account, a federal court will not entertain a bill in equity by a cestui que trust under a trust fund comprising the general residuary estate of the testator to set aside a sale of stocks made by the executors, and to take the proceeds out of their possession, which is, in legal effect, the possession of the probate court, and substitute therefor the property sold.

2. EQUITY JURISDICTION—SUITS AGAINST EXECUTORS.

As a general rule, an executor who has not settled his final account in the probate court cannot be charged by a suit in equity by the residuary legatees for property sold by him in violation of his trust, as the rights of such legatees, who are interested only in the residue in the executor's hands after payment of all specific legacies and charges, can be fully protected by the probate court.

In Equity.   On demurrer to bill.

Robert M. Morse, J. H. Benton, Jr., and Charles F. Hanlon, for complainant.

Richard Olney, for defendant Taylor.

Solomon Lincoln, and Charles K. Cobb, for defendant executors and trustees.

COLT, Circuit Judge.   This is a bill in equity brought by the complainant, one of the residuary legatees under the will of Eben D. Jordan, to set aside a sale of 375 shares of stock of the Globe Newspaper Company, made by the defendant executors Jordan and Nichols to the defendant Taylor, and praying that the defendant Taylor may be ordered to transfer to the executors the said stock upon their payment to him of $375,000, the amount paid for the stock.   Eben D. Jordan, in his lifetime, executed an agreement with Taylor that he might purchase from his estate, within three months after his death, under the conditions named in the agreement, an amount of Globe stock sufficient to make his share equal to one-half of the capital stock of the corporation.   In his will Jordan suggested that the executors should retain the Globe stock as a permanent investment, unless, for good reasons, it should become desirable to dispose of it. At the same time he directed that any agreement made in his lifetime with reference to the sale of such stock should "be faithfully carried out."   The defendants Jordan, Taylor, and Nichols were appointed executors and trustees under the will.   The executors Jordan and Nichols, acting under the agreement, sold to Taylor 375 shares of the stock shortly after the probate of the will, and before he qualified as executor.   The bill charges, in substance: First, that the agreement which Jordan made in his lifetime with respect to the sale of the stock to Taylor is void for want of consideration; second, that the conditions contained in the agreement were not complied with; third, that two of the appraisers appointed to fix the price to be paid for the stock under the agreement were not disinterested parties; and, fourth, that, whereas the price at which the stock was sold was $1,000 a share, its fair market value was $2,000 a share. The prayer of the bill is as follows:

"And that said sale and transfer of said three hundred and seventy-five (375) shares of the capital stock of the Globe Newspaper Company by the defendants to the defendant Taylor may be declared null and void, and that the defendant Taylor may be ordered and decreed to assign and transfer to the defendants said three hundred and seventy-five (375) shares, and to pay to the defendants the amount of all dividends which he has received thereon, with interest on the amount of said dividends; the defendants at the same time paying to defendant Taylor the sum of three hundred and seventy-five thousand ($375,000) dollars, and interest thereon from the date of payment by him of his promissory note aforesaid for said amount."

The present hearing was had on demurrer to the bill.   The first ground of demurrer to be passed upon is whether the court has jurisdiction in this case.   In the consideration of the question of jurisdiction in this class of cases it is important to examine carefully the particular case which is presented.   It is undoubtedly true that a federal court, where the requisite diversity of citizenship exists,

has jurisdiction in some cases brought by a legatee against executors or trustees to establish rights under a will, or to set aside a wrongful sale of trust property; but the real question now presented for determination is whether, under the frame of this bill, and the specific relief prayed for, the court has jurisdiction in this particular case. The complainant is a beneficiary in the general residuary estate of Eben D. Jordan, which, under his will, is to be held in trust by the trustees designated in that instrument. The complainant has no right to a transfer of this stock in specie to him, or to the trustees for his benefit. He is merely interested in the general residue of the estate after the payment of debts, specific bequests, and charges of administration. He is only entitled to a beneficial interest in the residue coming into the hands of the trustees after they have ceased to act as executors. He is one of four beneficiaries who are to share in the income from the trust estate, and the bill is brought, not to have the sale declared void as to himself alone, or to make the executors account to the trust estate for the full value of the stock to the extent of his interest in the trust estate, but the bill is so framed as to call upon the court to adjudicate upon the rights of the other beneficiaries, who may have consented to the sale, or over whom, by reason of their being citizens of Massachusetts, this court has no jurisdiction. This circumstance alone, if the question of jurisdiction rests at all in the discretion of the court, should cause it to hesitate to entertain a suit of this character, where it is plain that the state probate court has full jurisdiction over the subject-matter and all the parties in interest. Under these circumstances, and at this stage in the settlement of the estate, this court is asked, in effect, by the present bill, to take $375,000 out of the possession of the probate court. and to substitute therefor 375 shares of Globe stock. It is asked to disturb the res in the possession of another court. It is called upon to interrupt the administration of the estate by the probate court before the debts or specific legacies have been paid, or the executors have rendered any account, and while the entire estate is in the actual possession of the probate court. Although the determination of the question of jurisdiction in this class of cases, as shown by the authorities, is not always free from difficulty, there is one principle which has been firmly established, and which applies to the present case. Where property is in the possession of one court of competent jurisdiction, such possession cannot be disturbed by process issued out of another court. The possession of the property of a decedent by an administrator appointed by a state court is the possession of the court, and such possession cannot be disturbed by another court.

In Byers v. McAuley, 149 U. S. 608, 614, 615, 13 Sup. Ct. 908, 37 L. Ed. 871, the court said:

"It is a rule of general application that, where property is in the actual possession of one court of competent jurisdiction, such possession cannot be disturbed by process out of another court. The doctrine has been affirmed again and again by this court. Hagan v. Lucas, 10 Pet. 400, 9 L. Ed. 470; Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028; Peck v. Jenness, 7 How. 612, 625, 12 L. Ed. 841; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Ellis v. Davis, 109 U. S. 485, 498, 3 Sup. Ct. 327, 27 L. Ed. 1006; Krippendorf v. Hyde, 110 U. S.

276, 4 Sup. Ct. 27, 28 L. Ed. 145; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390; Borer v. Chapman, 119 U. S. 587, 600, 7 Sup. Ct. 342, 30 L. Ed. 532. Secondly. An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court. Upon this proposition we have direct decisions of this court." Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; Williams v. Benedict, 8 How. 107, 12 L. Ed. 1007; Vaughn v. Northup, 15 Pet. 1, 10 L. Ed. 639; Peale v. Phipps, 14 How. 367, 14 L. Ed. 459.

It was held in Byers v. McAuley that a citizen of another state may proceed in a federal court to establish his right to a share in the estate of a deceased person, or to establish a debt against such estate, but he cannot proceed in any way so as to disturb the actual possession of the property by the state probate court. This is not a suit by a beneficiary against trustees seeking to avoid a sale of specific property held in trust. Morse v. Hill, 136 Mass. 60. It is not a suit brought for the possession of real estate devised in trust under a will. Harrison v. Rowan, 4 Wash. C. C. 202, Fed. Cas. No. 6,143. It is not a suit by a distributee against the administrator and the sureties on his bond to obtain his distributary share in the estate of a decedent. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260. It is not a suit by a creditor to establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536. It is not a suit concerning trust property, brought after the executors have rendered their final account in the probate court, and the residue of the estate has passed to them as trustees. In Colt v. Colt, 111 U. S. 566, 581, 4 Sup. Ct. 553, 28 L. Ed. 520, the court said:

"As long as personal property is held by executors as part of the estate of the testator, for the payment of debts or legacies, or as a residuum to be distributed, they hold it by virtue of their office, and are accountable for it as executors. That liability only ceases when it has been taken out of the estate of the testator, and appropriated to and made the property of the cestui que trust."

We have before us in this case the question whether, during the time the estate is in process of administration in the state probate court, and is in the actual possession of that court, and before the executors have rendered any account, a federal court will entertain a bill in equity, brought by a cestui que trust under a trust fund composing the general residuary estate of the testator, to set aside a sale of stock made by the executors, and to take the proceeds of the sale out of the possession of the probate court, and substitute therefor the property sold. We have been referred to no case where a court of equity has taken jurisdiction under such circumstances. The present bill, in our opinion, cannot be sustained either on principle or authority. As a general rule, an executor who has not settled his final account in the probate court is not liable to be charged by suit in equity by the residuary legatees for property sold by him in violation of his trust. This was so held, and, as we think, properly, by the supreme court of Massachusetts in Morgan v. Rotch, 97 Mass. 396. In that case the court said:

"We do not perceive that the residuary legatees can require anything more than that the stock shall be charged at its utmost value in the probate settle-

ment of the estate. Full justice will be done to them by such a course. They have no right to a transfer of the stock in specie to them, or in trust for their benefit. All they are entitled to is the residue in the executor's hands after payment of debts, specific bequests, and charges of administration, which is to be ascertained as a pecuniary balance. They are interested merely in the amount of the residue, as to which all their rights can be fully protected in the probate court. A very different case from the present would be presented if the executor's account had been finally settled in ignorance of the improper character of the sale. Then, perhaps, a court of equity, if the remedy in the probate court were lost, might enforce a trust, and order a new sale by the executor, or afford other appropriate relief to enable the parties beneficially interested in the estate to realize the full value of the property."

The demurrer is sustained, and the bill dismissed, with costs.