### In re CHAMBERS, CALDER & CO.

(District Court, D. Rhode Island. January 3, 1900.)

1. BANKRUPTCY—POSSESSION OF RECEIVER—ENJOINING ACTION IN STATE COURT.
   Where a receiver appointed by a court of bankruptcy to take charge of the estate of the bankrupts, and authorized to carry on their business, has entered upon the occupancy of a building leased by the bankrupts, and containing their stock in trade, and there continued the business, and, the rent being in arrear at the time of the adjudication, the landlord thereafter brings ejectment in a state court against the bankrupts and the receiver to recover possession of the leased premises, he will be enjoined from the prosecution of such action, especially where it appears that the enforcement of a judgment therein would seriously interfere with the administration of the estate in bankruptcy, and cause unnecessary loss to creditors.

2. SAME—RIGHTS OF LANDLORD.
   In such a case the landlord must seek his remedy in the court of bankruptcy, and that court, in the exercise of its equitable powers, will direct the receiver to surrender possession of the premises at the expiration of such time as may be reasonably necessary for the execution of his trust, and will award the landlord suitable compensation for their occupation in the meantime.

3. SAME—ASSETS IN BANKRUPTCY—ONEROUS PROPERTY.
   A trustee in bankruptcy, or a receiver appointed by the court of bankruptcy, is not bound to accept property of the bankrupt which is of an onerous or unprofitable character, nor to assume a lease made to the bankrupt, unless such a course would be for the benefit of the creditors.

In Bankruptcy. On petition of B. W. Persons, receiver and trustee, for an injunction.

James & William R. Tillinghast, for petitioner.
Van Slyck & Mumford, for respondent.

BROWN, District Judge. This petition seeks to enjoin the Industrial Trust Company from proceeding by action of ejectment in the state court to recover possession of real estate leased to the bankrupts, Chambers, Calder & Co., who were in possession at the date of the adjudication of bankruptcy. In the leased building was a large stock of goods appropriate to the business of wholesale druggists. Though the rent was overdue for more than 15 days,

98 F.—55

and under Gen. Laws R. I. c. 269, § 7, the landlord was thereby authorized to re-enter or recover possession discharged from the lease, no action amounting to an election to discharge the lease had been taken prior to November 25, 1899, the date of the adjudication of bankruptcy and the appointment of a receiver. B. W. Persons was appointed receiver of the estate of the bankrupts, and was authorized to continue the business until further order of the court. He duly qualified, entered upon the premises, and carried on the business. Afterwards, on December 4th, the trust company brought its action of ejectment against Persons and the bankrupts in the state court. On December 6th the trust company made proof of claim before the referee for the full amount of rent overdue. On December 7th Persons was elected trustee by the creditors, and duly qualified. It thus appears that this court had taken into its custody and control the entire estate of the bankrupts, including the leased building, before the beginning of any proceedings in the state court. It is a firmly established rule that, where property is in the possession of one court of competent jurisdiction, such possession cannot be disturbed by process issued out of another court. Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867; Ex parte Johnson, 167 U. S. 120, 17 Sup. Ct. 735, 42 L. Ed. 103; Jordan v. Taylor (Cir. Ct. Dist. Mass., Dec. 29, 1899) 98 Fed. 643; Keegan v. King (D. C.) 96 Fed. 758; Chapin v. James, 11 R. I. 87. Execution in ejectment would, in the present case, interfere with the possession of this court, and on that ground alone might be enjoined. It is furthermore apparent that it would most seriously embarrass this court in the administration of the bankrupts' estate, and result in unnecessary loss to the creditors. There is trustworthy and undisputed evidence that the stock of goods on the leased premises is such that their proper packing and safe removal from the premises cannot be accomplished in much, if any, less than four weeks. A tenant, even though the conditions of his lease is broken by nonpayment, has such legal right of ingress and egress as is necessary for the removal of personal property. There could be little practical value to the landlord in the possession of the premises during this time, and there is no suggestion of any facts indicating that pecuniary compensation will not be entirely adequate for a reasonable delay in the surrender of the premises. Whatever may be the right of the landlord, process or judicial authority for its enforcement must now be sought in this court, upon which the bankruptcy act has conferred equity powers adequate to meet a situation in which the strict and immediate enforcement of a legal right would lead to unnecessary and disproportionate loss to others, or would result collaterally in conferring an inequitable advantage. A court of equity, while giving the fullest recognition to a legal right, may so regulate the time and manner of its enforcement as not to cause unnecessary loss to others. Deweese v. Reinhard, 165 U. S. 386, 390, 17 Sup. Ct. 340, 41 L. Ed. 757. The jurisdiction of this court having attached to the exclusion of jurisdiction at law, the right of the landlord can be enforced only upon equitable terms. Neither receiver nor trustee in bankruptcy is bound to

accept property of an onerous or unprofitable character, or to assume a lease of the bankrupts, unless for the benefit of the creditors. File Co. v. Garrett, 110 U. S. 288, 4 Sup. Ct. 90, 28 L. Ed. 149. If they are confronted with the alternative of an immediate ejection from the premises, with the consequent depreciation of the personal estate, or the assumption of an undesirable lease and the payment of a large sum for unsecured rent, whereby an unsecured creditor will secure a preference, a court of equity should relieve them from the coercion of the situation. If time is essential for an equitable adjustment of the various rights, the court may impose such delay as is reasonably necessary upon the enforcement of any particular right, making pecuniary compensation therefor whenever that is adequate.

In applying the principle that in equity relief will be granted only upon equitable terms, we must deal with the special circumstances of each case. The time necessary for the proper removal of goods from the leased premises is not necessarily the limit of an equitable delay in placing the landlord in possession. If more time is necessary for the preservation of the personal estate, if goods will not bear removal, or if great loss can be avoided by a sale upon the premises, and a reasonable sum for use and occupation will be full and equitable compensation to the landlord, a court of equity should give such weight to these considerations as fair-minded and reasonable men give to them in practical affairs, and should, if possible, preserve the substance of the rights of all by adapting its decrees to the practical situation before it. I am of the opinion, however, that the evidence presented at the hearing is insufficient to enable me to determine at what date possession should be surrendered. As it appears that at the time of bringing the action of ejectment the receiver was in possession, and carrying on the business under the orders of this court, he is entitled to the protection of an injunction as prayed in his petition. The draft decree may be presented accordingly.