HALE v. TYLER et al. (three cases).

(Circuit Court, D. Massachusetts. May 6, 1902.)

Nos. 1,555–1,557.

1. FEDERAL COURTS—EQUITY JURISDICTION—EFFECT OF STATE STATUTES.

The inherent jurisdiction in equity of courts of the United States cannot be narrowed by state laws conferring jurisdiction of certain matters upon a particular state court, even though such jurisdiction is made exclusive so far as the state courts are concerned.[1]

---

[1] See Courts, vol. 13, Cent. Dig. §§ 795, 902.

**2. SAME—CREDITORS' SUIT TO REACH LANDS OF DECEDENT — POSSESSION OF PROBATE COURT.**

Where the requisite diversity of citizenship exists, a federal court of equity has jurisdiction of a suit brought by a creditor of a decedent, on behalf of all creditors who may come in, to set aside a conveyance of real estate made by the deceased in his lifetime, and alleged to have been fraudulent, notwithstanding the pendency of probate proceedings on his estate in a state court, where such court has granted no license to sell such real estate, nor otherwise taken possession of it; and such jurisdiction is not affected by the fact that, under the statutes of the state, a state court of equity would not have jurisdiction.

In Equity. On motion to dismiss for want of jurisdiction. See 104 Fed. 757.

M. H. Boutelle and E. W. Freeman, for complainant.

H. W. Chaplin, for defendants.

## No. 1,556.

LOWELL, District Judge. This is a bill in equity brought by the receiver of a Minnesota corporation. It sets out that one Norton, a stockholder in the corporation, had, under the laws of Minnesota, become indebted to the plaintiff as such receiver; that Norton, in fraud of creditors, conveyed real estate in Massachusetts to the defendants, one of whom is now his administratrix. The bill prays that the conveyances may be set aside for the benefit of all creditors who may come in. The defendants have filed a motion to dismiss for want of jurisdiction, on the ground that the matter is within the exclusive cognizance of the probate court of Massachusetts.

As was said by Judge Colt, in this court, in Jordan v. Taylor, 98 Fed. 643, 645, "the determination of the question of jurisdiction in this class of cases, as shown by the authorities, is not always free from difficulty." The following principles are clearly established: (1) This case is within the jurisdiction of the English court of chancery, as that jurisdiction existed at the time of the American Revolution. This case is not similar to proceedings to probate a will or to appoint an administrator, which are wholly outside the ordinary jurisdiction of a court of equity. (2) "The equity jurisdiction conferred on the federal courts is the same that the high court of chancery in England possesses." Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260. It follows, therefore, that this court has jurisdiction in this case, unless its inherent jurisdiction in equity is here particularly limited. (3) The enlargement of the jurisdiction of the state court of probate does not narrow the inherent jurisdiction of a federal court of equity. This has been held in many cases. "The jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power." Hyde v. Stone, 20 How. 175, 15 L. Ed. 874. "If legal remedies are sometimes modified to suit the changes in the laws of the state, and the practice of their courts, it is not so with equitable." Payne v. Hook, above cited, at page 430, 7 Wall., 19 L. Ed. 260. That an enlargement of the jurisdic-

tion of a state court may enlarge the jurisdiction of the federal courts seems to be decided in Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524, and is fully stated in Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, 27 L. Ed. 1006. Whether this additional jurisdiction thus conferred by state statute is equitable or legal, or neither, has not been determined. If it is deemed equitable, then the dictum in Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260, that the equity jurisdiction of the federal courts "is uniform throughout the different states of the Union," may require modification. However this may be, it is settled that the equity jurisdiction which is inherent in the federal courts cannot be narrowed, even if it may be added to, by a state statute. It follows, therefore, that the jurisdiction of this court is unaffected by the jurisdiction conferred upon the Massachusetts court of probate, even if that jurisdiction is, by the state statute, made exclusive, so far as the state courts are concerned.

The inherent jurisdiction in equity of a federal court is restrained of its exercise under some conditions. "The only qualification of the application of this principle is that the courts of the United States, in the exercise of their jurisdiction over the parties, cannot seize or control property while in the custody of a court of the state." Borer v. Chapman, 119 U. S. 587, 600, 7 Sup. Ct. 342, 348, 30 L. Ed. 532. "Where property is in the possession of one court of competent jurisdiction, such possession cannot be disturbed by process issued out of another court." Jordan v. Taylor, 98 Fed. 645. Upon this ground was decided Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536, and not upon any limitation of the inherent jurisdiction of a federal court of equity. "The powers of courts of equity are not in issue in the present suit, nor is there any question presented about restraining or limiting them." 21 Wall. 284, 22 L. Ed. 536. That this limitation upon the exercise of equity jurisdiction by the federal courts depends upon possession of the res, and not upon inherent want of jurisdiction, appears further from Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400. There the federal court had taken possession of the res before the death of its owner. The supreme court held that the federal court should retain control, although the exclusive possession of the probate court would otherwise have been undoubted. Even where the probate court has first taken possession of the res, jurisdiction over the controversy still inheres in the federal court, and may even be exercised by the latter, provided the control of the res by the former remains undisturbed.

This court has to determine, therefore, if the estate alleged to have been conveyed in fraud of creditors by the defendant's intestate is in the possession of the Massachusetts court of probate. The defendant relies upon Pub. St. Mass. c. 134, § 15:

"If an executor or administrator is licensed to sell lands fraudulently conveyed by the deceased or fraudulently held by another person for him, or lands to which the deceased had a right of entry or of action or of which he had a right to a conveyance, he may first obtain possession of such lands by entry or by action, and may sell the same at any time within one year after so obtaining possession. He may make a formal entry upon the premises and bring the action on his own seizin acquired by such entry, demanding the land as executor or administrator."

That the land in question is not in the possession of the probate court, so as to exclude the jurisdiction of this court from all suits concerning it, is plain. Plainly, this court would have jurisdiction of an otherwise proper suit to recover its possession, brought on the ground that Norton never had title to it. The land is not here supposed by the defendant to be in the possession of the probate court, but only that incorporeal right which exists to subject the land to the payment of Norton's debt, as having been conveyed by him in fraud of his creditors. This right the probate court can confer upon the administratrix. The same or a similar right is conferred by the general principles of equity upon Norton's creditors. The former must proceed in strict accordance with statute. The latter may resort generally to a court of equity, until they are deprived of that resort (a) by statute, as they may be deprived by statute of their resort to the state courts of equity in this case; or (b) by the fact that the probate court, by its exclusive possession of this incorporeal right, has excluded from its control all other courts, even though those courts are otherwise of competent jurisdiction.

The possession of an incorporeal right is a metaphysical abstraction. Yet I cannot think that the probate court has taken exclusive possession of the incorporeal right here in question merely by granting letters of administration, without inventory, or license to sell, or even representation of insolvency. In Ball v. Tompkins, 41 Fed. 486, the circuit court for the Western district of Michigan proposed to itself the question now before this court:

"What is the nature and character of the possession of the state or federal court which excludes the exercise of authority over the subject or thing by the other?"

The reply was as follows:

"That the possession contemplated as sufficient to make it exclusive is that which the court, by process, or some equivalent mode, has, either for the direct purpose of proceeding, or for some other purpose ancillary to the main object, drawn into its dominion and custody some thing. This thing may be corporeal or incorporeal,—a substance or a mere thing. But a controversy, a question, an inquiry, is not such a thing. These may be the subject-matter of jurisdiction in a pending cause, which often proceeds, from the beginning to the judgment, without the court's having taken actual dominion of anything. But there is no exclusive jurisdiction over such a matter. The result may be a judgment which will establish a right, but the court has not had any possession." 41 Fed. 490.

The property there in question was real estate devised to executors in trust to pay the rents and profits to the beneficiaries. The court held that this real estate was not in the possession of the court of probate:

"It could license its sale, if that should become necessary; and, if not, it could release it from that liability which the law, and not any process of the court, put it under, and order its division among those entitled, upon proper proceedings. If the property should be sold under a license, and the sale confirmed, the executor's and devisees' title would be defeated, but only from that time." 41 Fed. 491, 492.

So in Comstock v. Herron, 5 C. C. A. 266, 55 Fed. 803, the bill was brought to compel the payment of annuities by trustees and executors, and the court said:

"This is no actual possession of the fund by the probate court. That court has simply certain powers of adjudication which may effect it." 5 C. C. A. 275, 55 Fed. 812.

The plaintiff's case is here stronger than it was in Ball v. Tompkins. The Massachusetts court of probate has taken no possession or control of the real estate which the plaintiff seeks to reach. It is true that the estate of the deceased—even his real estate—is ordinarily deemed to be in the control of the probate court. Yonley v. Lavender. But the property here in question is not Norton's real estate, in the ordinary sense of those words. It is in the hands of Norton's grantees, who hold it by a title good as against Norton. True, Norton's administratrix may petition for leave to sell it, and may then bring an action for it. Walker v. Fuller, 147 Mass. 489, 18 N. E. 400. She cannot even maintain an action to recover possession of it, except after obtaining license to sell. Hannum v. Day, 105 Mass. 33. Under these circumstances, the res is not in such possession of the probate court as to exclude the jurisdiction of the circuit court if the latter has jurisdiction in other respects. Had the Massachusetts court of probate undertaken to license the sale of the real estate in controversy, the question presented by this motion would be different. Thus in Ball v. Tompkins, at page 492, the court said:

"Undoubtedly, the state court may license the sale of this property, if it finds it expedient to do so, in the situation of affairs. If it does so, this court would, of course, respect its action. If, on the contrary, that court does not find itself compelled to grant the license, this court may order a sale, and marshal and distribute the proceeds, or it may take such action as the equities require, and it finds expedient."

In the case at bar it is not necessary to determine if a license to sell, granted by the probate court after the filing of this bill, would oust the jurisdiction of this court over the real estate. In that respect the situation in Ball v. Tompkins was not precisely what it is in this case. The quotation just made manifests the clear opinion of the learned judge that, until a license is granted, this court has jurisdiction to deal with the property.

The precise question here presented was decided in favor of the plaintiff in Hagan v. Walker, 14 How. 29, 14 L. Ed. 312, unless the fact that there the state courts of equity had jurisdiction prevented the res from falling into the possession of the probate court. The distinction thus contended for by the defendants is this: The inherent equity jurisdiction of the federal courts, indeed, remains always the same, whatever may be the comparative jurisdiction of the state courts of equity and of probate. But the exclusive possession of the res by the court of probate is given by, and dependent upon, the state statutes. Where these statutes permit the interference of the state courts of equity, this fact establishes that the possession of the probate court is not exclusive, and so a federal court of equity may deal with the res. The jurisdiction of a federal court of equity may thus be indirectly, though not directly, limited by a state statute extending the jurisdiction of the probate court. This is the theory of the defendants, but the jurisdiction of the Alabama courts of equity over property conveyed by an intestate in fraud of creditors was not alluded to in the

opinion in Hagan v. Walker. Throughout the opinion the jurisdiction of the federal court of equity to subject the property to the payment of the intestate's debts was treated as inherent, and not dependent upon any peculiarity of local law. That the administrator, representing the creditors, might be able to make good his claim to the property, was stated, but this fact was not deemed to give the court of probate such possession of the res as to exclude federal jurisdiction.

On another ground some federal courts of equity have asserted jurisdiction over a case like this. In Dodd v. Ghiselin (C. C.) 27 Fed. 405, it was held by Judge (now Mr. Justice) Brewer that a federal court of equity would not interfere with an administrator obeying the state law. But if fraud appeared, the same learned judge held that the administrator could be proceeded against in any court of equity. Dodd v. Ghiselin is founded upon Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260. Of Payne v. Hook, Mr. Justice Davis said in Yonley v. Lavender, 21 Wall. 276, 283, 22 L. Ed. 536,—the case most strongly relied on here by the defendant:

"The bill charged gross misconduct on the part of the administrator, and one of its main objects was to obtain relief against these fraudulent proceedings. This relief was granted, and the administrator compelled faithfully to carry out the trust reposed in him."

In Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619, 28 L. Ed. 547, and in Arrowsmith v. Gleason, 129 U. S. 86, 9 Sup. Ct. 237, 32 L. Ed. 630, decrees of a probate court made in the exercise of its jurisdiction were relieved from on the ground of fraud. If relief may be given after a decree, it may, perhaps, also be given beforehand, as was decided in Dodd v. Ghiselin. A like distinction between fraud and ordinary administration was made in Railroad v. Gomila, 132 U. S. 478, 485, 10 Sup. Ct. 155, 33 L. Ed. 400; Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867; Van Bokkelen v. Cook, Fed. Cas. No. 16,831; McDermott v. Copeland (C. C.) 9 Fed. 536; Rich v. Bray (C. C.) 37 Fed. 273, 2 L. R. A. 225; Walker v. Brown, 11 C. C. A. 135, 140, 63 Fed. 204, 209 (commenting on Pratt v. Northam, 5 Mason, 95, Fed. Cas. No. 11,376) and at page 141, 11 C. C. A., and page 210, 63 Fed. (commenting on Payne v. Hook); Mineral Co. v. Vaughan (C. C.) 88 Fed. 566, 570; Bank v. Fitzgerald (C. C.) 94 Fed. 16. See Johnson v. Ford (C. C.) 109 Fed. 501. Precisely how far a federal court of equity, upon charges of fraud, will interfere in the administration of an estate in the probate court, the cases just cited do not determine. That any appropriate decree may be made which binds only the administrator personally, is pretty clear. In Byers v. McAuley, 149 U. S. 608, 617, 13 Sup. Ct. 906, 37 L. Ed. 867, it is intimated that even in case of fraud the res within the possession of the probate court will not be taken from its control. The decision in the case at bar is therefore rested upon the reasons first stated, and not upon any supposed jurisdiction of a federal court of equity to supersede the probate court in its administration of the effects of an intestate, even in case of fraud.

It was urged that, if this court takes jurisdiction of this bill, it will be unable to deal with the claims of creditors resident in Massachusetts against the real estate in question, and so injustice will be

done them; but the result does not follow. In Byers v. McAuley, 149 U. S. 608, 619, 13 Sup. Ct. 906, 37 L. Ed. 867, it was intimated that, if the circuit court undertakes to distribute the proceeds of the real estate here in question, it may deal with creditors resident in Massachusetts, as well as with those living outside the state.

Motion to dismiss denied.

## No. 1,557.

LOWELL, District Judge. So far as the motion to dismiss is concerned, the bill in this case may be taken to be like that in No. 1,556, except that the real estate here in question is situated in Maine. Plainly, the probate court of Massachusetts has taken no exclusive jurisdiction of the right to subject to the payment of Norton's debts real estate in Maine conveyed by Norton in fraud of his creditors. That this court in other respects has jurisdiction for that purpose seems settled by Massie v. Watts, 6 Cranch, 148, 3 L. Ed. 181, and has not been denied by the defendants.

The motion is therefore denied.

## No. 1,555.

LOWELL, District Judge. This bill sets out the receivership; the liability of Norton as stockholder; his death, and the appointment of Mrs. Tyler as administratrix, with the usual bond; the recovery of judgment by the receiver against the administratrix; the possession by the administratrix of the estate of Norton; the failure to file inventory or otherwise to proceed with the administration; further, that the defendant administratrix fraudulently represented the estate to be of less than its real value, and otherwise acted with intent to conceal the estate from the creditors, and that she has fraudulently appropriated the estate to her own use to the injury of the creditors. The bill finally alleges that the condition of the estate is known only to the administratrix. It prays for discovery of assets and an accounting, that the administratrix be directed to pay the debts, and that the liability on her bond be enforced.

As I understand the argument of the learned counsel for the defendant, he admits that, if the motion to dismiss for want of jurisdiction be denied either in No. 1,556 or in No. 1,557, then the motion to dismiss No. 1,555 should also be denied. As the motions to dismiss in Nos. 1,556 and 1,557 have been denied, further discussion of the motion in No. 1,555 seems unnecessary. Precisely what is the relief to which the plaintiff is entitled need not now be decided. That his allegations show him entitled to some relief is plain. He does not complain of the mere error of the defendant,—a mere mistake of law or fact in administering the estate,—but of the defendant's fraud, willful misappropriation of the assets, and devastation of the estate. He thus brings himself within the reasoning of the decision in Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, and in Byers v. McAuley, 149 U. S. 608, 618, 13 Sup. Ct. 906, 37 L. Ed. 867. See Kennedy v. Creswell, 101 U. S. 641, 645, 25 L. Ed. 1075; Green's Adm'x v. Creighton, 23 How. 90, 107, 16 L. Ed. 419.