POURIER et al. v. McKINZIE et al.

(Circuit Court, D. Montana. June 11, 1906.)

1. COURTS—JURISDICTION OF FEDERAL COURTS—SUIT TO DETERMINE INTEREST. IN ESTATE.

A federal court has jurisdiction of a suit by citizens of other states to determine and award their shares in the estate of a decedent where none of the property has passed into the hands of an administrator, or otherwise into the possession of a state court, but it is in part held by a receiver of the federal court and in part by the surviving partner of the decedent as a trustee of his interest.

2. MARRIAGE—PROOF TO ESTABLISH.

A marriage between a white man and an Indian woman prior to 1868 *held* sufficiently established by proof of cohabitation, admissions, and reputation, together with the presumptions arising therefrom in favor of the legitimacy of a child of the parties, under **Civ.** Code Mont. §§ 280, 282, the parents being dead.

3. DESCENT AND DISTRIBUTION—HEIRS—CHILD OF WHITE MAN AND INDIAN WOMAN.

A child of the marriage of an Indian woman and a white man, who was a citizen of the United States, inherits from the father under the laws of the state.

4. COURTS—JURISDICTION OF FEDERAL COURT—DISTRIBUTION OF DECEDENT'S ESTATE.

Where the right as sole heir to all of the property of a decedent has been established in a suit in a federal court, and the property consists of money which is all within the control of the court, never having passed into possession of an administrator, the court may direct its payment directly to such heir.

[Ed. Note.—Probate jurisdiction of federal courts, see note to Bedford Quarries Co. v. Thomlinson, 36 C. C. A. 276.]

## At Law.

This action is brought by Josephine Pourier and Peter Richard, citizens of South Dakota, against William S. McKinzie and Nelson Story, Jr., citizens of Montana, to recover certain moneys claimed to be due the complainants on account of certain judgments obtained against the government of the United States, part of which judgments were paid to the defendant McKinzie. It is alleged that the complainants are brother and sister, and heirs at law of John Richard, deceased; that a partnership existed between McKinzie and John Richard, deceased, and that certain judgments were obtained against the United States by that partnership, and that McKinzie, surviving partner, collected $1,324 on one of the judgments; and that there are other judgments in favor of the partnership for sums in excess of $7,500. The district court of the state of Montana, in and for Gallatin county, appointed Nelson Story, Jr., administrator of the estate of John Richard, deceased, and it is alleged that the action of the state court was without authority. McKinzie's answer denies that the complainants are the heirs at law of John Richard, deceased, and alleges that he left two children, Alvin and Millie Richard. McKinzie filed no cross-bill.

Certain proceedings were had in the federal court, whereby it appeared that Millie Richard Luhan, a citizen of South Dakota, was a daughter of the de-

·ceased, John Richard, and the court made an order that she be made a party to the litigation. Thereafter she filed an answer admitting the death of John Richard, and denying that the heirs ·of the said John Richard are his brothers and sisters and the children of the deceased brothers and sisters of John Richard, deceased, and alleging that John Richard left surviving him Alvin Richard, his son, and Millie Richard Luhan, his daughter, and that Alvin had left home and had° not been heard from for more than seven years. She denied that the complainants åre entitled to any part of the money. Millie Richard Luhan filed a cross-bill, in which she alleged that during the year 1865 a partnership existed between the defendant McKinzie and John Richard, and that the claims they had against the government of the United States were allowed, and judgments obtained thereon. She alleged that John Richard died intestate in the year 1882, and, further, she alleged that the defendant McKinzie caused proceedings to be commenced in the district court of Gallatin ·county to procure the appointment of Nelson Story, Jr., defendant, as the administrator of the estate of John Richard, deceased, and that at the time of his appointment there ˙was no property belonging to the estate of John Richard within the state of Montana. McKinzie filed an answer to the cross-bill, in which he admitted the relationship of Millie Richard Luhan, and set up certain claims against John Richard, deceased. Testimony was taken before a referee, and partly in open court. The material questions presented are: (1) Did the district court of Gallatin county, in and for the state of Montana, have jurisdiction of the estate of John Richard?· (2) Does the evidence show that Millie Richard Luhan was the daughter of John Richard, deceased? (3) What claims, if any, is McKinzie entitled to have allowed? Complainants prayed for an injunction, and accounting and distribution.

J. A. George, W. H. Robeson, and T. J. Porter, for complainants.
H. N. Blake and Hartman & Hartman, for defendants Nelson Story, Jr., and William S. McKinzie.
Walsh & Newman and J. H. Burns, for defendant Millie Richard Luhan.

HUNT, District Judge. 1. As to jurisdiction. The administrators never have actually had any property belonging to decedent in their hands. The surviving partner has received part of the moneys involved in this action, and a receiver duly appointed by this court holds another part. No judgment directing payment of any assets to heirs or others ever has been made by any court of the state of Montana. There is as yet no custody of any property by the district court of ·Gallatin county, and no officer of such court has ever had or now has actual possession of any property belonging to the˙ decedent. Millie Richard, as well as complainants, citizens of other states, may apply to the federal courts to determine and enforce rights against the ·surviving partner, who has moneys in his hands in which decedent had an interest. The case is not one where the administration of the ·estate is sought to be taken out of the courts of a state, but is to establish and enforce, in behalf of citizens of other states, claims to shares owned by a decedent in partnership property lawfully in the possession of a surviving partner and a receiver of the court. Section 2734, Code Civ. Proc. Mont.

By the decision in Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, a circuit court of the United States may entertain jurisdiction in favor of citizens of other states to determine and award ·their shares in an estate, where the debts of the estate have been paid, and the estate is ready for distribution, where no adjudication has

been made by the courts of the state. If jurisdiction is properly exercised in such a case, clearly the federal courts will retain it, where the property has not even lawfully passed to the custody of an administrator, but is properly in the possession of a receiver and a surviving partner, as a trustee of the interest of a deceased partner. Hess v. Reynolds, 113 U. S. 73, 5 Sup. Ct. 377, 28 L. Ed. 927; Martin v. Fort, 83 Fed. 19, 27 C. C. A. 428; Brendel v. Charch (C. C.) 82 Fed. 262; Comstock v. Herron et al., 55 Fed. 803, 5 C. C. A. 266; Lawrence v. Nelson, 143 U. S. 215, 12 Sup. Ct. 440, 36 L. Ed. 130; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503, 37 L. Ed. 279; Hale v. Tyler (C. C.) 115 Fed. 833; Waterworks Company v. Owensboro, 200 U. S. 38, 26 Sup. Ct. 249, 50 L. Ed. 361.

2. Upon the merits. The evidence preponderates in favor of the conclusion of marriage between John Richard, a white man, and Louisa, an Indian woman, mother of defendant Millie Richard Luhan. I find that prior to 1868 they lived together several years in Bozeman, and were there known as man and wife; that they lived together there as man and wife in 1868, before the family moved to Ft. C. F. Smith, and that they lived together after the arrival of the family at Ft. Smith. The family moved to Ft. Smith in the very early spring of 1868, probably in February. Millie was born in December, 1868. Her father undoubtedly quarreled with her mother just before Millie was born, but there is ample evidence of his having recognized the child Millie as his daughter, and of his having often spoken of Millie's mother as his wife. The witness McKinzie says they were married by a justice of the peace in Madison county, Mont. But if he is mistaken in respect to that, still the legitimacy of Millie is established by the weight of the evidence, especially when considered with relation to the presumptions in favor of marriage, where cohabitation, admissions, and reputation are shown. Civ. Code Mont. §§ 280, 282. Let it be granted that the proof of marriage is not as strong as it might be, when we consider the conditions that often existed in the early days of the territory, when men not infrequently cohabited with Indian women without intent to contract a relationship of husband and wife; but even so, it is far stronger that there was marriage than that the relationship was meretricious.

3. As to heirship. Millie Richard Luhan is the only heir, her brother being presumed to be dead. John Richard, Millie's father, is proven to have been a citizen of the United States, and she is entitled to inherit. Richardville v. Thorp (C. C.) 28 Fed. 52; Jones v. Meehan, 175 U. S. 1, 20 Sup. Ct. 1, 44 L. Ed. 49. Rights of inheritance from Indians, members of a tribe, whose tribal organizations are still recognized by the government of the United States, are controlled by the laws, usages, and customs of the tribes, if there are any such laws, usages, and customs upon the matter, and not by the law of the state. But in this case there is no suggestion that the common law of any Indian tribe should obtain, or, if it could, that it would affect Millie's rights to half the property belonging to the firm of McKinzie & Richard.

4. As to an agreement between Pourier and McKinzie. There is a flat contradiction in the testimony as to the existence of this agreement, but, under my view of it, it is wholly immaterial whether an agreement was or was not made, for under no circumstances could it affect the rights of the only legal heir, Millie; nor could any such agreement prevent the courts from proceeding to adjudicate the rights of the respective parties.

5. McKinzie's claims. McKinzie, as surviving partner of the firm of McKinzie & Richard, is entitled to one-half of the amounts recovered upon the judgments obtained against the United States. But I hold that he is not entitled to affirmative relief by way of allowance of the personal claim for $1,320 he makes for wagons and other things claimed to have been sold to Richard in 1871. The claim is a stale one, not supported by satisfactory proof, and should not be allowed. McKinzie's claims for reimbursement and services rendered in and about the collecting of evidence to sustain the claim of the firm are, however, upon a different footing, and are valid, if substantiated by evidence of their reasonableness. Further evidence as to the items may be heard before final decree is signed in the case.

There is no reason why the decree of this court shall not provide for a direct payment by the receiver of the moneys in his hands to those entitled to take, namely, Millie Richard Luhan and McKinzie. It can likewise be decreed that McKinzie, as surviving partner, shall make direct payment of half of the sum he holds to Millie Richard Luhan, taking her receipt therefor. After McKinzie, as surviving partner, shall have paid to Millie Richard Luhan half of the moneys he may hold, less, of course, her share of such expenses and costs as the decree of this court may find to be lawfully taxed against the sums held by McKinzie, he can then account to the administrator of the estate, setting forth the decree of this court, and his acts duly had thereunder. There is no necessity of payment to Millie Richard Luhan through an administrator. It would be a needless form, only decreasing the value of her share by fees, which can well be avoided.

Let a decree be submitted conforming to this opinion.